BAILES, Judge.
This is a tort action instituted by Nelson Hughes and his wife, Jeanette Hughes, against The Travelers Insurance Company for damages resulting from an accident which occurred in St. Helena Parish on July 6, 1964.
Plaintiff, Jeanette Hughes, was driving in an easterly direction along Louisiana State Highway 16 between Denham Springs and Amite. A truck, owned by Sand Products Company and insured by The Travelers Insurance Company, was being driven by J. B. Cupit in a westerly direction along this highway. As this truck passed the plaintiff’s vehicle, some rocks hit the windshield of the plaintiff’s car breaking it and causing hits of glass to fly into her eyes.
Plaintiffs contend that the truck crossed the center line as it approached the plaintiff’s automobile and as he swerved back to his proper lane, gravel from the top of this vehicle showered down onto the automobile driven by the plaintiff, Jeanette Hughes. *746 Defendant contends, however, that the truck which had just been cleaned prior to the accident, was hauling only masonry sand containing no gravel, and at no time veered from its proper lane of travel.
Following trial, the court rendered judgment in favor of the plaintiffs, Nelson Hughes and Jeanette Hughes, and against the defendant, The Travelers Insurance Company, in the sum of $1,095.50. From this judgment, the defendant has perfected a devolutive appeal.
The defendant contends that the trial court erred in finding negligence on the part of the driver of the truck or the owner of the truck, and in awarding the plaintiff personal damages in the amount of $1,000 for her injuries.
We will consider first the contention that neither the driver of the truck nor the owner of the truck were guilty of negligently causing the plaintiff’s injuries.
J. P. Cupit, the truck driver for Sand Products Company testified that the alleged accident occurred on Monday, July 6, 1964. He stated that on this day he had hauled only two loads and both of these loads consisted of masonry sand which contains no gravel. He further testified that he was the only one driving this truck and that it had not been used over the weekend. He testified that the truck had just been washed and greased, that there was no gravel on the truck, and further stated that the truck had been loaded by a frontend loader which was picking up sand directly from the sand bed where there was only masonry sand.
As to the contention of the plaintiff that the truck veered from its proper lane of traffic, Mr. Cupit testified that he had not swerved across the center line. He stated that the highway had loose gravel on its surface and also stated that the plaintiff’s vehicle was preceded by another automobile. On the other hand, the plaintiff, Jeanette Hughes, and Shirley Lathers, a passenger in the Hughes automobile, testified that the truck veered over the center line. They stated that upon swerving back to the proper lane of traffic, one or two handfuls of gravel showered off the top of the truck onto the Hughes vehicle breaking the windshield. When asked the size of the rocks, plaintiff driver stated that it was a large one which struck the windshield.
We believe it highly improbable that this truck was traveling over the center line immediately prior to meeting the Hughes vehicle necessitating the driver to make a sudden movement to return the truck to its proper lane of traffic since the Hughes’ vehicle was preceded by another automobile. Furthermore, in light of the testimony of the plaintiff that a large rock hit the front windshield, and in view of the testimony of the truck driver that the surface of the highway was covered with loose gravel, it is our opinion that the large rock which broke the windshield of the Hughes vehicle was thrown up from the roadway either by the truck or by the automobile which preceded the automobile being driven by Jeanette Hughes. Plaintiffs have failed to prove to our satisfaction that the gravel fell from the top of the truck which was hauling only masonry sand which contained no gravel.
The plaintiff in a civil case must establish his claim to a legal certainty and by a fair preponderance of the evidence. He is required to do more than make out a case that is merely probable for judgments cannot be predicated on mere assumptions of facts. The plaintiff must bear the burden of proof and to satisfy this burden, he must establish his claims to a legal certainty by a reasonable preponderance of the evidence. See Martin v. Westchester Fire Insurance Company (La.App., 1966) 183 So.2d 769 and the cases cited therein.
It is our opinion that the plaintiffs, Nelson Hughes and Jeanette Hughes, have failed to bear the burden of proving that the driver of the truck owned by Sand Products Company or the owner of this *747 truck was responsible for the alleged accident or for the injuries sustained by Jeanette Hughes.
For the foregoing reasons, the judgment rendered by the trial court in favor of plaintiffs is reversed and there is judgment herein in favor of defendant rejecting the demands of the plaintiffs, at their costs.
Reversed.